## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| Colorado National Bancorp ) | Case No. 17-20315-EEB |
| Tax ID / EIN: 84-0847337, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

### UNITED STATES TRUSTEE'S LIMITED OBJECTION TO CREDITORS' COMMITTEE'S APPLICATION TO EMPLOY VINING SPARKS COMMUNITY BANK ADVISORY GROUP AS FINANCIAL ADVISOR

The United States Trustee ("UST"), through counsel, files this limited objection to the Creditors' Committee's Application to Employ Vining Sparks Community Bank Advisory Group as Financial Advisor and states as follows:

1. The above-captioned Debtor filed its voluntary petition for relief under chapter 11 of title 11, United States Code, on November 8, 2017 (the "Petition Date").

2. The UST appointed the Official Committee of Unsecured Creditors on November 16, 2017.

3. On December 11, 2017, the Debtors filed their Application to Employ Vining Sparks Community Bank Advisory Group as Financial Advisor for Official Committee of Unsecured Creditors Effective December 11, 2017 (the "Application"). Through the Application, the Committee proposes to employ Vining Sparks Community Bank Advisory Group ("Vining Sparks") as financial advisor. As compensation, Vining Sparks is proposed to receive a flat fee of $100,000 upon the closing of a transaction plus the reimbursement of up to $2,000 in expenses.

4. Prior to filing the Application, counsel for the Committee coordinated with counsel for the Debtor and counsel for the UST to resolve some of the concerns raised by the Debtor and UST. Several of those concerns were addressed, but some of the UST's concerns remain and are discussed below.

### Objections

5. Any order approving the Application should make clear that Vining Sparks's fees and expense reimbursement are subject to review under § 330 and can only be paid following Court approval.

6. Likewise, Vining Sparks should maintain detailed time entries consistent with the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, to be submitted in connection with any interim and final fee applications.

7. Finally, the Committee requests that the Court approve an indemnification provision in favor of Vining Sparks which is included as a letter agreement attached to the engagement agreement. The indemnification provision should include additional safeguard as follows:

a. There should be no indemnification for liabilities, losses, expenses, etc. arising from a contractual dispute in which Debtor or Committee alleges that Vining Sparks has breached its contractual obligations. *See In re United Artists Theatre Co.*, 315 F.3d 217, 234 (3rd Cir. 2003).

b. If, before the earlier of the order confirming a chapter 11 plan or order closing the cases, Vining Sparks believes it has a claim to indemnification, it should be required to file an application for indemnification which the Debtor may not pay without order of the Court approving payment.

WHEREFORE, the UST objects to the Application for the reasons set forth above and requests such other and further relief as the Court deems appropriate.

Dated: December 18, 2017         Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/  Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov