**TIG Bancorp**
73 South Tamarron Drive
Suite 865
Durango, CO 81301

FILED
KENNETH S. GARDNER
CLERK

2018 MAR 28  AM 11: 09

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

March 27, 2018

Clerk of the Bankruptcy Court
United States Bankruptcy Court: District of Colorado
721 19th St.
Denver, Colorado 80202

*Via FedEx with a copy sent by email to the Independent Sale Examiner:*

Thomas M. Kim
r² advisors, llc
1350 17th St. #206
Denver, CO 80202
tkim@r2llc.com

Re:  Case No. 17-20315 EEB / TIG Bancorp Non-Qualified Bid Proposal

Dear Judge Brown:

As reflected in the Court's records, TIG Bancorp previously submitted a letter of intent to Colorado National Bancorp, the sole owner of Colorado National Bank, dated January 19, 2018.  By this letter ("Letter"), we acknowledge our receipt and review of the Order in Case No. 17-20315 EEB dated February 23, 2018, including the Bidding Procedures included therewith.

We expressly acknowledge that this Letter is not being submitted as a Qualified Bid, as defined in the Order, but instead is proffered to the Court as a contingent offer to be considered in the event the winning bidder cannot obtain regulatory approval or is otherwise unable to close the transaction.  We understand the Court has retained exclusive jurisdiction with respect to these matters and we have only submitted this Letter to the Court, to hold in its records.  As this is not a Qualified Bid, we have not delivered a copy of this Letter to the other parties listed in paragraphs 5 of the Order and 10(q) of the Bidding Procedures.  Capitalized terms not defined herein shall have the meanings given to them in the Order and Bidding Procedures.

The following proposal is substantially the same as our letter dated January 19, 2018. We invite the Court to contact us in the event the winning bidder is unable to close the transaction.  In that event, we can submit additional documentation to the Court to show our commitment and suitability to expeditiously obtain regulatory approval, close the transaction, and operate the Colorado National Bank.

March 27, 2018
Page 2

## Letter of Intent

This Letter constitutes an indication of interest by TIG Bancorp ("TIG") in acquiring either (a) 100% of the outstanding common stock of Colorado National Bancorp (the "Company"), including its wholly owned subsidiary Colorado National Bank (the "Bank") or, in the alternative, (b) the Palisade Branch Assets, as defined below. For purposes of this Letter, "Transaction" shall mean either the transaction structure described in (a) above and Section 1 below ("Proposal 1") or the transaction structure described in (b) above and Section 2 below ("Proposal 2"), as applicable.

Subject to the completion of due diligence and our evaluation of the information to be obtained therein, we propose the following:

1. <u>Purchase Price and Transaction Structure (Proposal 1)</u>. The purchase price would be paid in cash upon the closing of the Transaction in an amount equal to 91% of the Bank's Closing Tangible Common Equity (as defined in the Stalking Horse SPA), in exchange for 100% of the outstanding common stock of the Company, including the Bank. Following the acquisition of the Company and assuming regulatory approval, TIG would merge the Bank with and into its wholly owned subsidiary, First State Bank of Colorado. As a condition of the purchase, TIG would seek assurance from its regulators regarding their intent to approve TIG's proposed treatment of issues identified in that certain Formal Agreement by and between the Bank and the Office of the Comptroller of the Currency dated May 31, 2016, such that there would be no negative regulatory impact on First State Bank of Colorado as a result of the Transaction.

2. <u>Alternative Transaction Structure (Proposal 2)</u>. In the event that Proposal 1 is not acceptable to the Company, TIG would have interest in negotiating the purchase of the Bank's Palisade location, including all assets of the Bank associated with that branch (the "Palisade Branch Assets").

3. <u>Operations.</u> TIG's management team has vast experience operating troubled banking institutions and is uniquely qualified to address related issues. TIG's management has proven its ability to rehabilitate such institutions and is confident that it can transition the Bank in a safe and sound manner. In addition, TIG recently acquired First State Bank of Colorado in connection with a bankruptcy proceeding. TIG experienced no issues or delays in obtaining regulatory approval for that acquisition and accomplished a smooth transition of ownership. Following consummation of the Transaction, TIG would use its best efforts to promote efficiency in the transition and continuity of services for customers and banking operations. TIG is committed to the communities that the Bank currently serves and through its focused approach will improve and enhance product and service offerings to customers.

March 27, 2018
Page 3

4. <u>Management and Employees</u>.  TIG anticipates that it will be interested in retaining the services of certain staff members currently employed by the Bank, however it will make its final determinations following completion of its due diligence and management interview processes.  In the event any full time employee is not retained and is not already covered by an existing severance package, TIG anticipates it would provide some form of severance benefit to such displaced employee.

5. <u>Due Diligence Issues</u>.  Due diligence would include a full review of credit files, corporate records, investment portfolio, and other documents and information to be identified in a Due Diligence Request furnished by TIG upon being informed that it has been selected to undertake due diligence and commence negotiation of a Definitive Agreement.  TIG anticipates that due diligence will be conducted for a period of no longer than forty-five (45) days.

6. <u>Approvals</u>.  The Transaction will be conditioned upon, among other things, the receipt of all requisite regulatory approvals and the consent of TIG's shareholders, the Company's shareholders, the Bankruptcy Court, and any other party required to give consent to consummate the Transaction.  Any definitive agreement for the Transaction ("Definitive Agreement") will provide that following execution thereof, TIG will proceed to prepare and file the regulatory applications required for Transaction approval.  The filing of any such applications will be made no later than thirty (30) days after the execution of the Definitive Agreement or as soon thereafter as is practicable.  TIG anticipates that it will be able to obtain all regulatory approvals promptly.

7. <u>Process</u>.  TIG is interested in proceeding with the next steps toward a potential Transaction.  Anticipated next steps would include the completion of satisfactory due diligence, negotiation and execution of a mutually-agreeable Definitive Agreement, and obtaining all required approvals.

8. <u>Expenses</u>.  Each party shall bear its own costs and expenses (including all legal, accounting, bank, investment banking, and other costs) with respect to the investigation, negotiation, and consummation of the proposed Transaction.

9. <u>Confidentiality</u>.  The non-disclosure agreements executed on December 14, 2017 will continue in full force and effect in accordance with its terms notwithstanding anything to the contrary in this Letter.

10. <u>Public Disclosure</u>.  Neither TIG nor the Company will make any public announcement concerning the subject of this Letter without the prior approval of such announcement by the other party; provided, however, that such prior approval will not be required if, in the opinion of counsel for TIG or the Company, as the case may be, disclosure of information relating to the proposed Transaction is required by law or regulation.

March 27, 2018
Page 4

11. <u>Miscellaneous</u>.  This Letter may be amended or modified only in writing signed by all the parties hereto.  This Letter shall be construed and governed by the laws of the State of Colorado.

Please note that this Letter constitutes an expression of interest intended to form the basis for further discussion only but is not legally binding.  This Letter does not contain all matters upon which agreement must be reached in order for the proposed Transaction to be consummated.  TIG and the Company shall be legally obligated only when and if they hereafter successfully negotiate and execute a Definitive Agreement providing for the proposed Transaction.

Under our ownership, the Bank will continue to operate as a community bank.  If you have any questions concerning the above, please feel free to contact us.

We appreciate your consideration in this matter and are excited about the opportunity to pursue this Transaction.

Sincerely,

*[signature]*

Gary L. Webb, Chairman